1  Kevin Mahoney (SBN: 235367)
2  kmahoney@mahoney-law.net
   John Young (SBN: 299809)
3  jyoung@mahoney-law.net
   **MAHONEY LAW GROUP, APC**
4  249 E. Ocean Blvd., Ste. 814
   Long Beach, CA 90802
5  Telephone: (562) 590-5550
   Facsimile: (562) 590-8400
6
7  Attorneys for Plaintiff STRONG HUYNH, as an individual, and on behalf of all
   employees similarly situated

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10 | STRONG HUYNH, as an | Case No.: 3:22-CV-07460-WHO
   | individual, and on behalf of all |
11 | similarly situated employees, | **FIRST AMENDED CLASS ACTION**
12 |                               |
13 |              Plaintiff,       | **COMPLAINT FOR DAMAGES**
14 |       v.                      | 1.   Violation of Labor Code §§ 204, 206,
15 |                               |      510, 1194, 1194.2, 1197, 1197.1,
   | JABIL INC.; and DOES 1 through |     1182.12 (Failure to Pay All Wages);
16 | 50, inclusive,                | 2.   Violation of Labor Code §§ 226.7, 512
17 |                               |      (Meal Period Violations);
   |              Defendants.      | 3.   Violation of Labor Code § 226.7 (Rest
18 |                               |      Period Violations);
19 |                               | 4.   Violation of Labor Code §§ 201, 202,
20 |                               |      203 (Failure to Pay Wages Due at
   |                               |      Separation of Employment);
21 |                               | 5.   Violation of Labor Code §§ 226,
22 |                               |      subds. (a) and (e), 226.3, 1174, 1174.5
   |                               |      (Failure to Issue Accurate Itemized
23 |                               |      Wage Statements);
24 |                               | 6.   Violation of Labor Code § 2802
25 |                               |      (Failure to Indemnify for Expenditures
   |                               |      or Losses in Discharge of Duties); and
26 |                               | 7.   Violation of Bus. & Prof. Code §§
27 |                               |      17200 *et seq*. (Unfair Business
   |                               |      Practices).
28 |                               | **DEMAND FOR JURY TRIAL**

Plaintiff STRONG HUYNH ("Plaintiff"), individually, and on behalf of all others similarly situated, complains and alleges on information and belief as follows:

## INTRODUCTION

1.      This is a class action brought on behalf of Plaintiff and the class he seeks to represent ("Plaintiff Class" or "Class Members"). Plaintiff Class consists of all current and former non-exempt employees of Defendant JABIL INC., and DOES 1 through 50 ("Defendant"), in the State of California during the Class Period. The term "Class Period" is defined as four (4) years prior to the filing of Plaintiff's initial complaint in this action through judgment. Plaintiff reserves the right to amend this complaint to reflect a different "Class Period" as further discovery is conducted.

2.      Plaintiff, individually, and on behalf of Plaintiff Class, seeks relief against Defendant, for Defendant's practices of violating the applicable Industrial Welfare Commission ("IWC") Wage Orders, Code of Regulations, and California Labor Codes, including: (1) failure to pay all wages (including minimum, regular, and overtime wages); (2) failure to make available meal and rest periods or provide compensation in lieu thereof; (3) failure to provide accurate itemized wage statements; (4) failure to pay all wages due upon separation of employment; and (5) failure to reimburse business expenses. These violations concern current and past employees of Defendant.

3.      At all relevant times herein, Defendant has consistently maintained and enforced against Plaintiff and Plaintiff Class the unlawful practices and policies set forth herein.

## JURISDICTION AND VENUE

4.      Venue is proper in this judicial district because the Defendant maintains its location and transacts business in the County of Alameda, the obligations and liability arise in this county, and work was performed by Plaintiff

and Members of the proposed class made the subject of this action in the County of Alameda, California.

5.      Based on a review of Defendant's Notice of Removal, filed November 23, 2022, Plaintiff will not contest Defendant's contention this Court has jurisdiction over this action pursuant to 28 U.S.C. sections 1441 and 1453 and the Class Action Fairness Act of 2005 at this time.

## THE PARTIES

**Plaintiff**

6.      Plaintiff was employed by Defendant as a non-exempt employee from in or about 2019 through October 2021. At all relevant times herein, Plaintiff was employed by Defendant in a paid hourly non-exempt position. Plaintiff was employed by Defendant within the four (4) years prior to the commencement of this action.

7.      Each of the Plaintiff Class consists of identifiable, current, and/or former similarly situated persons who were employed by Defendant as non-exempt employees in California during the Class Period.

**Defendant(s)**

8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant is a manufacturing service provider for clients throughout California, and was Plaintiff's employer. On information and belief, and based thereon, Plaintiff alleges that Defendant is conducting business in good standing in California, and at all times herein mentioned has regularly conducted business throughout the State of California.

9.      Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief, alleges that said Defendants are legally responsible for the violations alleged herein. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants

1  when that information is ascertained.

2       10.   Plaintiff is informed and believes, and based thereon alleges, that each

3  Defendant acted in all respects pertinent to this action as the agent of the other

4  Defendants, carried out a joint scheme, business plan, or policy in all respects

5  pertinent hereto, and the acts of each Defendant are legally attributable to the other

6  Defendants. Furthermore, Defendants operate as a joint venture and/or single

7  business enterprise, integrated enterprise, and/or are agents of one another, are alter

8  egos, joint employers, and conspire with one another to increase profits by engaging

9  in the conduct described in this complaint.

10       11.   Plaintiff is informed and believes, and based thereon alleges, that each

11  Defendant acted in all respects as the agent, servant, partner, joint venture, alter-

12  ego, employee, proxy, managing agent, and/or principal of the co-Defendants, and

13  in performing the actions mentioned below was acting, at least in part, within the

14  course and scope of that authority as such agent, proxy, servant, partner, joint

15  venture, employee, alter-ego, managing agent, and/or principal with the permission

16  and consent of the co-Defendants. Plaintiff also alleges the acts of each Defendant

17  are legally attributable to the other Defendants.

18  ## **GENERAL ALLEGATIONS**

19       12.   Plaintiff and Plaintiff Class are, and all times relevant herein, have

20  been non-exempt employees within the meaning of the California Labor Code, and

21  the implementing rules of the IWC California Wage Orders.

22       13.   Plaintiff is informed and believes, and based thereon alleges, that

23  Defendant continues to employ non-exempt employees within California.

24       14.   Plaintiff is informed and believes, and based thereon alleges, that

25  Defendant's policies and practices described herein are common across each of

26  Defendant's locations within the State of California.

27       15.   Plaintiff is informed and believes, and based thereon alleges, that at all

28  times herein mentioned, Defendant was advised by skilled lawyers, employees and

other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

16.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members were entitled to receive wages for all hours worked, including minimum, regular, and overtime wages, and that they were not receiving all wages earned for work that was required to be performed.  In violation of the Labor Code and IWC Wage Orders, Defendant failed to pay Plaintiff and Class Members' earned wages by failing to record and pay for off-the-clock work. Defendant required Plaintiff and Class Members to perform work while clocked out during their meal periods.  For example, during Plaintiff's employment, Plaintiff was required to respond to his supervisor and manager while clocked-out for his meal period. Accordingly, Defendant failed to pay Plaintiff and Class Members for work performed off-the-clock and or subject to Defendant's control at minimum wage and or one and one-half times their regular rate for work in excess of eight (8) hours and/or twelve (12) hours per workday.

17.    In addition, Plaintiff is informed and believes and based thereon alleges that Defendant instituted a policy and practice against its employees wherein Defendant failed to include all remuneration paid to all hourly non-exempt employees when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay. Specifically, Defendant paid hourly non-exempt employee's non-discretionary bonuses and incentive compensation and failed to include this compensation when calculating Plaintiff's and Plaintiff Class' regular rate for purposes of overtime rate of pay.

18.    As evidenced in Plaintiff's wage statements, Defendant did not include all renumeration in Plaintiff's regular rate when calculating Plaintiff's overtime and double time compensation. For example, during the pay period beginning on November 2, 2020 and ending on November 15, 2020, Defendant paid Plaintiff the

following wages at the below rates:

- "Regular": 48 hours at $29 per hour;
- "Overtime": 21.47 hours at $43.50 per hour;
- "Double Time": .28 hours at $58 per hour;
- "Shift Premium": $234.23;

19.    Accordingly, Defendant calculated Plaintiff's "Overtime" rate by only paying Plaintiff's one and one-half times Plaintiff's regular rate of $29 per hour rather than including the "Shift Premium" in Plaintiff's regular rate for purposes of calculating his overtime and double-time rate.

20.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when they did not receive a timely, uninterrupted off-duty meal period. In violation of the Labor Code and IWC Wage Orders, Defendant had a pattern, practice, and policy of not providing proper meal periods. Plaintiff and Class Members missed their meal periods, took them late, or had them interrupted as a result of work-related tasks or a busy workload. Defendant also had a pattern, practice, and policy of not providing second meal periods. Specifically, Plaintiff generally worked twelve (12) hour shifts three times per week.  Plaintiff was only provided one meal period per shift that was regularly less than thirty minutes and or interrupted by his manager requesting information about a machine or addressing Plaintiff regarding his job performance, if a meal period was provided. Plaintiff's inability to take a meal period was a result of Defendant's understaffing, daily work requirements, demands, and unlawful policies. Accordingly, Plaintiff and Class Members did not receive all meal periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when they did not receive a timely, uninterrupted thirty (30) minute off-duty meal period.

21.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members were entitled to receive all paid rest periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when a rest period was missed, interrupted, or shortened. In violation of the Labor Code and IWC Wage Orders, Defendant had a pattern, practice, and policy of not providing paid rest periods. Specifically, Defendant regularly failed to provide Plaintiff a third rest period for his shifts wherein he worked over ten hours.  As a result of Defendant's understaffing, daily work requirements, demands, and instructions to forego rest periods, Plaintiff and Class Members did not receive all paid rest periods or payment of one (1) additional hour of pay at Plaintiff and Class Members' regular rate of pay when a paid rest period was missed, truncated, or interrupted.

22.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed their actual hours worked, total hours worked, number of hours worked at each hourly rate, gross and net wages earned, and premium wages earned per pay period in accordance with California law. In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements. As noted in the example delineated in paragraphs 18 and 19, Defendant failed to include the rate of the shift premium, hours of the shift premium, nor did Defendant accurately reflect all renumeration in Plaintiff's regular rate for purposes of calculating overtime and double-time.  Further, Defendant failed to include all meal and rest break premiums owed.

23.    As a result of the violations mentioned above, Plaintiff and Class Members who ended their employment during the Class Period were not timely paid all compensation due upon separation of employment as required by California Labor Code sections 201-203 and are entitled to penalties.

24.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and Class Members were entitled to receive business reimbursements for necessary expenditures incurred in connection with the performance and execution of their job duties such as use of their personal cell phones. Defendant required Plaintiff and Class Members to use their personal cell phones and vehicles to carry out their job duties without proper reimbursement. For example, Plaintiff's manager required Plaintiff to provide updates regarding machines and scheduling via calls and text messages utilizing Plaintiff's personnel cell phone. In violation of the Labor Code, Defendant failed to reimburse Plaintiff and Class Members for these business-related expenditures.

## CLASS ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and all other similarly situated persons, as a class action pursuant to California Code of Civil Procedure section 382.

26.    Plaintiff's proposed class consists of and is defined as follows: all individuals who worked for Defendant in a California location as a non-exempt employee during the Class Period.

27.    Plaintiff reserves the right under California Rules of Court, rule 3.765, to amend or modify the class description(s) with greater specificity or further division into subclasses or limitation to particular issues.

28.    This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and because the proposed classes are easily ascertained by Defendant's personnel and payroll records.

### Numerosity

29.    The potential members of the class as defined are so numerous that joinder of all class members is impracticable. While the precise number of the Plaintiff Class is unknown, Plaintiff is informed and believes that Defendant has

employed more than 100 non-exempt employees during the Class Period.

## Commonality

30.    There are common questions of law and fact arising out of Defendant's conduct, as described herein, including, but not limited to:

      a.    Whether Defendant failed to pay all wages, including minimum, regular, and overtime wages earned and due to Plaintiff and Plaintiff Class;

      b.    Whether Defendant failed, and continue to fail, to provide meal periods or compensation in lieu thereof to Class Members;

      c.    Whether Defendant failed, and continue to fail, to authorize and permit Class Members to take rest periods or compensation in lieu thereof;

      d.    Whether Defendant failed to furnish to Plaintiff and Class Members wage statements containing all information required by Labor Code section 226, subdivision (a);

      e.    Whether Defendant failed to timely pay Plaintiff and former class members all wages due during and after their employment;

      f.    Whether Defendant were required to reimburse Plaintiff and Class Members for expenses incurred in connection with the performance and execution of their job duties; and

      g.    Whether Defendant engaged in unfair/unlawful business practices.

## Typicality

31.    The claims of the Plaintiff are typical of the claims for the Plaintiff Class, all of whom have incurred and/or will incur damages, as a result of Defendant's common course of conduct and common policies and practices. The claims of Plaintiff are typical because Defendant subjected all of its non-exempt employees to the identical violations of the California IWC Wage Orders,

California Code of Regulations, California Labor Code, and California Business & Professions Code, among other statutes.

### Adequacy of Representation

32.    Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class. Plaintiff's interests are not in conflict with those of the Plaintiff Class. Plaintiff's attorneys are competent, well-versed, and experienced in litigating employment class actions and other complex litigation matters.

### Superiority of Class Action

33.    Under the facts and circumstances set forth above, a class action is superior to any other method available for both the fair and efficient adjudication of the rights of each class member in as much as joinder of individual relatively small claims of Class Members is not practical, and if each employee were required to file an individual lawsuit, the corporate defendant would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees fearful of retaliation and permanent damage to their careers at present and/or subsequent employment. Further, the substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class Members against Defendants herein further support class certification.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES
### (Labor Code Sections 204, 206, 510, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198)
### (By Plaintiff and Plaintiff Class against All Defendants)

34.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

35.    Any employee receiving less than the legal minimum wage or legal

overtime compensation is entitled to recover in a civil action the amount of unpaid wages, attorneys' fees, and costs of suit. (Labor Code, section 1194, subdivision (a).)

36.    Notwithstanding any other provision of the Labor Code, hourly minimum wage rates are set for all industries according to statute. (Labor Code, section 1182.12.) Employers must pay employees no less than minimum wage for each hour worked. (Labor Code, section 1194.)

37.    In any action to recover payment of wages less than the minimum wage an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. (Lab. Code § 1194.2.)

38.    Any work in excess of eight (8) hours in any workday and any work in excess of forty (40) hours in a workweek, shall be compensated at a rate of no less than one and one-half times the regular rate of pay for an employee. (Lab. Code § 510, subd. (a).) Any work in excess of twelve (12) hours in a workday shall be compensated at the rate of twice the regular rate of pay for an employee. (Lab. Code § 510, subd. (a).)

39.    All wages earned in employment are due and payable twice during each calendar month on dates designated in advance by the employer. (Lab. Code § 204.)

40.    In case of a dispute over wages, the employer shall pay, without condition and promptly under the Labor Code all wages conceded due, leaving to the employee all remedies he/she is otherwise entitled to as to any balance claimed. (Lab. Code § 206.)

41.    At all relevant times herein, Plaintiff and Class Members were and are paid as non-exempt employees.

42.    Plaintiff and Plaintiff Class regularly worked over eight (8) hours per day and forty (40) hours per week. Defendant failed to pay Plaintiff and Plaintiff Class for all hours worked at the proper rates and failed to record actual hours

worked, e.g., time spent working off-the-clock, including, during their meal periods, and failed to include all renumeration in Plaintiff and Plaintiff Class regular rate for calculating their overtime rate. Defendant also paid Plaintiff and Plaintiff Class' overtime and double time hours at their regular rate of pay. As a consequence, Defendant failed to pay Plaintiff and Plaintiff Class all minimum, regular, overtime, and/or double-time wages for all hours worked, including hours in excess of over eight (8) per day and forty (40) per workweek. Pursuant to Labor Code sections, *inter alia*, 204, 510, 1182.12, and 1194, the Plaintiff Class seeks the payment of all minimum, regular, overtime, and/or double-time compensation which they earned and accrued for four (4) years prior to filing this complaint, according to proof.

43.    Additionally, Plaintiff and Plaintiff Class are entitled to liquidated damages, attorneys' fees, costs pursuant to California Labor Code section 1194 and Code of Civil Procedure section 1021.5, and prejudgment interest.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

### (Labor Code sections 226.7 and 512)

### (By Plaintiff and Plaintiff Class against All Defendants)

44.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

45.    Labor Code sections 226.7, 512, and the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period uninterrupted by work duties of not less than thirty (30) minutes, or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes.

46.    Labor Code section 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay

the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section. Plaintiff alleges Defendant failed to provide legally compliant meal periods, in addition to impeding and/or not relieving employees from all work duties during meal periods thereby preventing employees from taking legally compliant meal periods. Specifically, Plaintiff and Class Members missed their meal periods, took them late, or had them interrupted to perform work related tasks as a result of Defendant's busy workload.

47. At all times relevant hereto, Plaintiff and Plaintiff Class have worked shifts of more than five (5) hours in a workday.

48. Pursuant to Labor Code section 226.7, Plaintiff and Plaintiff Class are entitled to damages in the amount equal to one (1) hour of wages at their regular rate of pay for each missed meal break, in an amount to be proven at trial.

49. At varying times relevant hereto, Plaintiff and Plaintiff Class have worked shifts more than ten (10) hours in a workday and were regularly denied a legally compliant second meal period.

50. Pursuant to Labor Code section 226.7, Plaintiff individually, and on behalf of the Plaintiff Class, request recovery of meal period compensation which they are owed beginning four (4) years prior to filing this complaint, as well as the assessment of any statutory penalties against the Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes. Pursuant to Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by them in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF

### (Labor Code section 226.7)

### (By Plaintiff and Plaintiff Class against All Defendants)

51.     Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged.

52.     Labor Code section 226.7 and the applicable Wage Order provide that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

53.     Labor Code section 226.7, subdivision (b) provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Plaintiff and Plaintiff Class consistently worked over four (4) hours per shift with no rest breaks, or otherwise had their rest breaks interrupted or shortened due to Defendant's uniform policies and practices.

54.     Defendant failed to reasonably make available rest breaks to Plaintiff and Plaintiff Class throughout the Class Period due to their understaffing, workload, demands, and policy of not permitting rest breaks.

55.     Plaintiff and Plaintiff Class are entitled to damages in an amount equal to one (1) hour of wages per missed rest break, in a sum to be proven at trial. Pursuant to Code of Civil Procedure section 1021.5, and any other provision of law, Plaintiff requests the court award reasonable attorneys' fees and costs incurred by them in this action.

/ / /

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES

### (Labor Code sections 201, 202, 203)

### (By Plaintiff and Plaintiff Class against All Defendants)

56.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

57.    Plaintiff is informed and believes, and thereon alleges, that as part of Defendant's ongoing unfair business practices, Defendant failed to pay all employees all wages earned during their employment at the time of their separation in violation of Labor Code sections 201 and 202.

58.    Labor Code section 201 provides that an employer is required to pay an employee whose employment is terminated by the employer all wages earned and unpaid immediately upon termination.

59.    Labor Code section 202 requires an employer pay to an employee who quits his or her employment, all wages earned and unpaid no later than seventy-two (72) hours thereafter.

60.    Labor Code section 203 provides that an employer who fails to pay all wages earned and due an employee who is discharged or who quits within the timeframe set forth in sections 201 and 202, the wages of the employee shall continue as a penalty from the due date at the same rate of pay until paid, but not more than thirty (30) days. In other words, the employer owes the employee his or her daily rate of pay at their regular rate of pay for each day the full amount of unpaid wages is not paid, for a penalty of up to thirty (30) days' wages.

61.    Plaintiff and members of the Plaintiff Class who terminated employment within four (4) years of the filing of this complaint until the date of entry of judgment, without being paid the proper payments as described herein are entitled to thirty (30) days of pay at their regular rate of pay as waiting time

penalties.

### FIFTH CAUSE OF ACTION

### FAILURE TO ISSUE ITEMIZED WAGE STATEMENTS AND MAINTAIN RECORDS

### (Labor Code sections 226, 226.3, 1174, and 1174.5)

### (By Plaintiff and Plaintiff Class against All Defendants)

62.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

63.    Labor Code sections 226, 226.3, 1174, and 1174.5, and applicable IWC Wage Orders provide that employers must keep records and provide employees with itemized wage statements showing all hours worked and each applicable rate of pay in effect during the pay period with the corresponding number of hours worked at each hourly rate.

64.    Labor Code section 1174, subdivision (d), requires an employer to keep at a central location in California or at the plant or establishment at which the employee is employed, payroll records showing the hours worked daily, and the wages paid to each employee. Labor Code section 226, subdivision (a) requires an employer to provide employees—either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash—an accurate itemized wage statement in writing, including specified information, including, but not limited to: "(1) gross wages earned, (2) total hours worked . . . (5) net wages earned and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

65.    Labor Code section 226, subdivision (e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, inter alia, the gross and net wages earned, the total hours worked by the employee and the applicable hourly overtime rates, causing the employee injury, then the employee

is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to four thousand dollars ($4,000.00). Plaintiff is informed and believes that Defendant willfully failed to make or keep accurate records for Plaintiff and Plaintiff Class.

66.    The IWC Wage Orders require that every employer shall keep accurate information with respect to each employee, including, but not limited to, time records showing the total daily hours worked by each employee, the total hours worked in each payroll period, and applicable rates of pay. Plaintiff is informed and believes that Defendant willfully and intentionally failed to make and/or keep records which accurately reflect the hours worked by Plaintiff and Plaintiff Class. Specifically, Plaintiff believes that Defendant's records fail to include, *inter alia*: (1) actual hours worked, (2) total hours worked, (3) number of hours worked at each hourly rate, (4) gross wages earned; (5) net wages earned, and (6) premium wages earned per pay period.

67.    An employee is deemed to suffer injury if the employer fails to provide an accurate wage statement containing all of the required information set forth in Labor Code section 226, subdivision (a). (Lab. Code § 226, subd. (e)(2).) In addition, the omission of time worked, proper rates of pay, records of missed meal and rest breaks, and/or premium pay make it difficult for employees to determine whether they were paid all wages due without complicated calculations and/or reconstruction of records required to be maintained by the employer.

68.    For each employee suffering an injury as a result of Defendant's knowing and intentional failure to provide an accurate, itemized wage statement, the employee is entitled to recover the greater of actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs, and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period.

69.    Plaintiff is informed and believes, and based thereon alleges, that

Defendant's failure to keep accurate payroll records, as described above, violated Labor Code section 1174, subdivision (d) and section 226, subdivision (a), and the applicable Wage Order. Plaintiff intends on seeking penalties under Labor Code section 2699, subdivision (f)(2), Plaintiff and the Plaintiff Class are entitled to penalties of one hundred dollars ($100.00) for the initial violation, and two hundred dollars ($200.00) for each subsequent violation, for every pay period during which these records and information were not kept by Defendant.

70.    Plaintiff is informed and believes, and based thereon alleges, that Defendant's failure to keep and maintain accurate records and information and provide to Plaintiff and Class Members accurate itemized wage statements, as described above, was knowing and intentional, and Plaintiff and Plaintiff Class are entitled to statutory penalties for each pay period in which a violation occurred. Plaintiff further seeks recovery of attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and as otherwise permitted by law.

## SIXTH CAUSE OF ACTION

### INDEMNIFICATION FOR EXPENDITURES OR LOSSES
### IN DISCHARGE OF DUTIES

**(Labor Code section 2802)**

**(By Plaintiff and Plaintiff Class against All Defendants)**

71.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

72.    Defendant failed to indemnify Plaintiff and Plaintiff Class for all necessary expenditures or losses incurred by Plaintiff and Plaintiff Class in direct consequence of the discharge of their duties. Specifically, Defendant failed to indemnify Plaintiff and Plaintiff Class for expenditures they incurred on their behalf, including, but not limited to: use of their personal cell phones in direct consequence of the discharge of their duties to Defendant.

73.    Defendant has not reimbursed Plaintiff and Plaintiff Class for all

expenditures. Plaintiff and Plaintiff Class are therefore entitled to be paid damages, attorneys' fees, costs, and interest pursuant to Labor Code section 2802, subdivisions (b) and (c), as well as all statutory penalties against Defendant in accordance with Labor Code section 2802, subdivision (d).

## SEVENTH CAUSE OF ACTION

### UNFAIR/UNLAWFUL BUSINESS PRACTICES

### (Business and Professions Code sections 17200 *et seq*.)

### (By Plaintiff and Plaintiff Class against All Defendants)

74.    Plaintiff realleges and incorporates by reference all preceding paragraphs herein, as if fully alleged herein.

75.    Plaintiff brings this claim individually and on behalf of Class Members.

76.    Business & Professions Code section 17200 ("UCL") prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

77.    Business and Professions Code section 17204 allows "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action for violation of the UCL.

78.    Labor Code section 90.5, subdivision (a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

79.    Beginning at an exact date unknown to Plaintiff, but at least since the date four (4) years prior to the filing of this complaint, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair, and fraudulent business practices and acts

1   described in this complaint, including, but not limited to, violations of Labor Code
2   sections 201, 202, 203, 204, 206, 226, 226.3, 226.7, 510, 512, 1174, 1174.5,
3   1182.12, 1194, 1194.2, 1197, 1197.1, 1198, and 2802, as well as other statutes.

4      80.    The violations of these laws and regulations, as well as of fundamental
5   California public policies protecting workers, serve as unlawful predicate acts and
6   practices for purposes of Business and Professions Code sections 17200 et seq.

7      81.    As a result of these actions, Plaintiff, on information and belief, alleges
8   that Defendant are able to unfairly compete with other comparable companies in
9   the State of California in violation of Business & Professions Code sections 17000
10  et. seq. and sections 17200 et. seq. Due to these unlawful, unfair, and/or fraudulent
11  business practices, Defendant has gained a competitive advantage over other
12  comparable companies doing business in the State of California.

13     82.    The victims of these unlawful, unfair, and/or fraudulent business
14  practices include, but are not limited to, Plaintiff, putative class members,
15  competing companies in the State of California, and the general public. Plaintiff is
16  informed and believes, and thereon alleges, that Defendant performed the above-
17  mentioned acts with the intent of gaining an unfair competitive advantage and
18  thereby injuring Plaintiff, putative class members, other competitors, and the
19  general public.

20     83.    Plaintiff's success in this action will enforce important rights affecting
21  the public interest and public policy. In this regard, Plaintiff sues on behalf of the
22  public as well as on behalf of himself.

23     84.    Business and Professions Code sections 17203 provides that a court
24  may make such orders or judgments as may be necessary to prevent the use or
25  employment by any person of any practice which constitutes unfair competition.
26  Injunctive relief is necessary and appropriate to prevent Defendant from repeating
27  their unlawful, unfair, and fraudulent business acts and business practices alleged
28  above.

85.    Business and Professions Code section 17203 provides that the Court may restore to any person in interest, any money or property that may have been acquired by means of such unfair competition. Plaintiff and the Plaintiff Class are entitled to restitution pursuant to Business and Professions Code section 17203 for wages and payments unlawfully withheld from employees, including the fair value of the meal and rest periods and other losses alleged herein, during the (4) four-year period prior to the filing of this complaint. All remedies are cumulative pursuant to Business & Professions Code section 17205.

86.    Business and Professions Code section 17202 provides: "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiff and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code section 17202.

87.    Plaintiff requests injunctive relief pursuant to Business & Professions Code section 17203 to enjoin Defendant from continuing the unfair/unlawful business practices alleged herein.

88.    Plaintiff herein takes upon enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action. The action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing Plaintiff to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure section 1021.5 and others.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action under Code of Civil Procedure section 382;

2.    The Court appoint Plaintiff as Class Representative;

3.    The Court appoint Mahoney Law Group, APC as class counsel;

4.    For compensatory and statutory damages;

5.    For restitution of all monies due to Plaintiff and Plaintiff Class from the unlawful/unfair business practices of Defendant;

6.    For injunctive relief;

7.    For statutory and civil penalties according to proof;

8.    For reasonable attorneys' fees and costs pursuant to Labor Code section 226, subdivision (e), and section 1194; Code of Civil Procedure section 1021.5, and/or other applicable laws statues; and

9.    That the Court award such other and further relief as this Court may deem appropriate.

Dated: December 8, 2022                    **MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
John Young, Esq.
Attorney for Plaintiff STRONG HUYNH, as an individual, and on behalf of all similarly situated employees.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

Dated: December 8, 2022              **MAHONEY LAW GROUP, APC**

Kevin Mahoney, Esq.
John Young, Esq.
Attorney for Plaintiff STRONG
HUYNH, as an individual, and on
behalf of all similarly situated
employees.

FIRST AMENDED CLASS ACTION COMPLAINT