1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    STRONG HUYNH,                              Case No. 22-cv-07460-WHO

8                    Plaintiff,

9          v.                                   ORDER GRANTING IN PART AND
                                                DENYING IN PART DEFENDANT'S
10   JABIL INC.,                                MOTION TO DISMISS OR STRIKE

11                   Defendant.                 Re: Dkt. No. 24

12

13         Defendant Jabil, Inc. moves to dismiss plaintiff Strong Huynh's wage-and-hour causes of

14   action and Huynh's derivative unlawful business practices cause of action for failure to state

15   plausible claims to relief. Jabil also moves to strike Huynh's class allegations. As explained

16   below, most of Huynh's claims are plausibly alleged. Jabil's motion is granted in limited part,

17   dismissing Huynh's claims under California Labor Code sections 204, 206 and 1174, as well as

18   Huynh's claim for injunctive relief under the California Unfair Competition Law. It is otherwise

19   DENIED.

20                                      BACKGROUND

21         Defendant Jabil Inc., is a business entity incorporated in Delaware, with its principal place

22   of business in St. Petersburg, Florida. *See* Notice of Removal ("Not.") [Dkt. No. 1-1] ¶¶ 19, 21-

23   22. Jabil is alleged to be a "manufacturing service provider for clients throughout California."

24   First Amended Class Action Complaint ("FAC") [Dkt. No. 22-1] ¶ 8. Plaintiff Strong Huynh

25   states that he and other putative class members all were or are hourly-paid non-exempt employees

26   of Jabil. *Id.* ¶¶ 6, 7. Huynh was employed in California by Jabil from approximately 2019

27   through October 2021. *Id.* ¶¶ 6, 25.

28         Huynh asserts that Jabil committed the following unlawful practices: (1) failing to pay

United States District Court
Northern District of California

employees all wages for all hours worked; (2) causing missed meal periods; (3) causing missed rest breaks; (4) failing to provide all wages due upon discharge; (5) failing to provide itemized wage statements and maintain accurate payroll records; and (6) failing to indemnify employees for necessary business expenses, including cell phone expenses.  *Id.* ¶¶ 42, 46, 54, 57, 65, 66, 69, 72.

In support of these claims, Huynh alleges that:

- Jabil required employees to perform work while clocked out for meal and rest breaks.  For example, Huynh alleges that he was required to respond to his supervisor and manager while clocked out on his breaks.  *Id.* ¶¶ 16, 20, 42, 46, 49, 54.

- Jabil failed to include non-discretionary bonuses and incentive compensation when calculating employees' regular rate of pay.  For example, Huynh identifies specific wage statements from November 2020 that show how Jabil failed to include his shift premium in his regular rate of pay.  *Id.* ¶¶ 17, 42.

- Jabil had a policy and practice of failing to provide second or third meal or rest breaks where required, which happened to Huynh regularly.  *Id.* ¶¶ 20, 21, 42.

- Huynh and class members' inability to take the number of uninterrupted meal or rest periods to which they were entitled was in part the result of Jabil's policy of understaffing.  *Id.* ¶¶ 20, 54.

As a result of these failures, Huynh alleges that Jabil also failed to provide accurate, itemized wage statements and failed to provide all wages due upon discharge.  FAC ¶¶ 22, 23, 57, 66.  He also contends that Jabil required him and other employees to use their personal cell phones to perform required job duties, including requiring Huynh to provide updates "regarding machines and scheduling" via his cellphone, but Jabil failed to reimburse Huynh and other employees for those expenses.  *Id.* ¶¶ 24, 72.  Finally, Huynh states that his claims are typical of the claims of the absent class members, resulting from the same policies and practices.  *Id.* ¶ 31.

Huynh filed his complaint in the Superior Court for Alameda County on behalf of himself and a putative class of "all individuals who worked for Jabil in a California location as a non-exempt employee during the Class Period," where the "Class Period" was defined to be "[the] four

(4) years prior to the filing of Plaintiff's initial complaint in this action through judgment." *Id.* ¶¶ 1, 26. The Complaint asserts seven Causes of Action: (1) Failure to Pay All Wages (under California Labor Code §§ 204, 206, 510, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198); (2) Failure to Provide Meal Periods or Compensation in Lieu Thereof (under California Labor Code §§ 226.7 and 512); (3) Failure to Provide Rest Periods or Compensation in Lieu Thereof (under California Labor Code § 226.7); (4) Failure to Pay Wages of Terminated or Resigned Employees (under California Labor Code §§ 201, 202, and 203); (5) Failure to Issue Itemized Wage Statements and Maintain Records (under California Labor Code §§ 226, 226.3, 1174, and 1174.5); (6) Indemnification for Expenditures or Losses in Discharge of Duties (under California Labor Code § 2802); and (7) Unfair/Unlawful Business Practices (under the California Business and Professions Code § 17200 *et seq.*). *Id.* at 10, 12, 14, 15, 16, 18, 19.

Jabil removed the case to the Northern District of California, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). After removal, Huynh filed a First Amended Class Action Complaint ("FAC"), reasserting the same seven causes of action but adding additional facts regarding his employment. Jabil now moves to dismiss all claims as insufficiently pleaded and strike the class action allegations.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (2009).

1      In deciding whether plaintiff has stated a claim upon which relief can be granted, the Court

2   accepts plaintiff's allegations as true and draws all reasonable inferences in favor of plaintiff. *See*

3   *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Yet, the court is not required to

4   accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or

5   unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

6      If the court dismisses the complaint, it "should grant leave to amend even if no request to

7   amend the pleading was made, unless it determines that the pleading could not possibly be cured

8   by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In

9   making this determination, the court should consider factors such as "the presence or absence of

10   undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

11   amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See*

12   *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

13      Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any

14   redundant, immaterial, impertinent, or scandalous matter." An immaterial matter is one "which

15   has no essential or important relationship to the claim for relief or the defenses being pleaded."

16   *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* 510 U.S.

17   517 (1994). An impertinent matter "consists of statements that do not pertain, and are not

18   necessary, to the issues in question." *Id*. Courts in this district have recognized that motions to

19   strike "should be denied unless the matter has no logical connection to the controversy at issue and

20   may prejudice one or more of the parties to the suit." *See, e.g.*, *Hatamian v. Advanced Micro*

21   *Devices, Inc.*, No. 14-CV-00226-YGR, 2015 WL 511175, at *1 (N.D. Cal. Feb. 6, 2015).

**DISCUSSION**

23      Jabil moves to dismiss each of the wage and hour claims alleged (First through Sixth

24   Causes of Action) and the derivative UCL claim for unlawful business practices (Seventh Cause

25   of Action) for failure to allege sufficient facts to support the plausibility of those violations. It

26   also moves to dismiss or strike the class-wide allegations, arguing that they are based on

27   conclusory assertions without sufficient facts to support an inference of class-wide conduct. *See*

28   *generally* Motion to Dismiss ("Mot.") [Dkt. No. 24]. Huynh responds that his claims are

United States District Court
Northern District of California

adequately pleaded with sufficient facts to show the claims are plausible on their face.  Huynh also contends that he has alleged sufficient facts regarding Jabil's common policies and practices to support his class allegations.  *See generally* Opposition to the Mot. ("Oppo.") [Dkt. No. 25].

I.      **SUFFICIENCY OF THE PLEADINGS**

Jabil challenges the adequacy of Huynh's wage and hour claims by relying on the Ninth Circuit's opinion in a wage-and-hour case, *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015).  Jabil contends that in the wage-and-hour context, a plaintiff's complaint must include sufficient "facts that. . . permit the court to find plausibility" of entitlement to relief.  *Id.*  For example, "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess of hours in that workweek, or was not paid minimum wages." *Id.* at 646.  Jabil argues Huynh has failed to include sufficient facts to clear *Landers*' plausibility bar.

Jabil ignores the facts that Huynh has alleged; both those regarding policies and practices of Jabil and those about his specific working conditions.  Looking to the factual allegations in the FAC as a whole, Huynh has adequately alleged the majority of his claims.

A.      **First Cause of Action for Unpaid Wages**

In his first cause of action, Huynh alleges that Jabil violated nine separate sections of the California Labor Code – sections 204, 206, 510, 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198 – by failing to pay "all wages."  FAC ¶¶ 34-43.  Jabil asserts that under *Landers*, Huynh must allege the specific workweeks that he believes he and class members were not properly paid all wages.  Mot. at 6.  That level of detail is not necessary to state a plausible individual or class claim for unpaid wages.  *See, e.g.*, *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2021 WL 2554054, at *3 (N.D. Cal. June 22, 2021) (rejecting the argument that a plaintiff needs "to point to a particular instance" of a wage and hour violation, although recognizing "'with the pleading of more specific facts, the closer the complaint moves toward plausibility'") (quoting *Landers*, 771 F.3d at 645).

What is required post-*Landers* are facts that establish a plausible claim by, for example, alleging facts regarding the length of an average workweek during the applicable period and the

1    average rate of pay. *Id*. Huynh provides sufficient facts to make his claim plausible. He alleges

2    facts regarding: (i) how Jabil failed to pay him and others for off-the-clock work (including during

3    meal and break periods) due in part to its understaffing; (ii) how Jabil failed to schedule second or

4    third breaks when the length of his shift required them; and (iii) how Jabil failed to calculate base

5    pay correctly for purposes of overtime. *Id*. ¶¶ 42, 49; *see also id.* ¶¶ 16-21. Those details make

6    his wage claim plausible and satisfy *Landers*. 771 F.3d at 645.

7         Jabil relies in its Reply on the opinion of another judge in this District where a plaintiff

8    pleaded fewer facts to support the wage-and-hour allegations than Huynh does here. *See* Reply

9    [Dkt. No. 26-1] at 9; *see also Suarez v. Bank of Am. Corp.*, No. 18-CV-01202-MEJ, 2018 WL

10   2431473, at *6 (N.D. Cal. May 30, 2018) (dismissing claims where plaintiff did not allege a

11   specific workweek of overtime that could support her claims to overtime wages, and pleaded that

12   she was only "consistently denied" when attempting to take her claimed missing breaks but did

13   not allege "what the supervisor said"). Unlike in *Suarez*, here Huynh states enough facts to "give

14   rise to a reasonable inference" of a claim to unpaid wages because he identifies underpaid wages

15   from a specific pay period, provides examples of shifts of specific lengths where Jabil failed to

16   schedule second or third breaks, and describes that it was his manager "who interrupted" his meal

17   or rest breaks and the "interruptions entailed" his manager asking questions about his job

18   performance and Jabil's machinery. *Compare Suarez* at *5-6 *with* FAC ¶¶ 16-21.

19        Separately, Jabil challenges the plausibility of Huynh's unpaid wage claim to the extent it

20   is based on section 204 of the California Labor Code.[1] It cites decisions of other judges in this

21   District for the proposition that a plaintiff cannot assert a section 204 claim based only on alleged

22   "underpaid wages." Mot. at 7; *see also Carter v. Jai-Put Enter. Inc.*, No. 18-CV-06313-DMR,

23   2020 WL 3545094, at *10 (N.D. Cal. June 30, 2020) (rejecting a section 204 claim because "a

24   violation of section 204 cannot be premised solely on the claim that an employer underpaid

25

26   ─────────────────────

27   [1] California Labor Code § 204 provides in subdivision (a): "All wages, other than those mentioned
     in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and
     payable twice during each calendar month, on days designated in advance by the employer as the

28   regular paydays."

wages"); *Frausto v. Bank of Am., Nat'l Ass'n*, No. 18-CV-01983-MEJ, 2018 WL 3659251, at *10 (N.D. Cal. Aug. 2, 2018) (explaining that section 204 "simply regulates the timing of wage payments and does not provide for the payment of any particular type of wages or create any substantive right to wages").

Huynh does not address section 204 in his Opposition. Nor does he allege that Jabil failed to pay him on the twice-monthly schedule required by 204(a). Section 204 is mentioned only under the "failure to pay wages" cause of action. Accordingly, Huynh's section 204 claim is DISMISSED with leave to amend. If Huynh intends to allege a claim based on the violation of the twice-monthly pay frequency required by section 204(a), he must reallege that claim separate from his unpaid wages cause of action with plausible facts in support.

Jabil also challenges Huynh's reliance on California Labor Code section 206 under his "failure to pay all wages" First Cause of Action. Mot. at 7. Section 206(a) provides that "[i]n case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed." The statute bars employers from "coerc[ing] an employee to settle claims against the employer by conditioning the payment of amounts due to the employee upon execution of a settlement agreement." *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 1900460, at *3 (N.D. Cal. May 12, 2014). Section 206(b) provides that if "after an investigation and hearing, the Labor Commissioner has determined the validity of any employee's claim for wages, the claim is due and payable within 10 days after receipt of notice by the employer that such wages are due." Calif. Lab. Code § 206(b).

Huynh has not pleaded a plausible basis for relief under section 206 because he has not alleged facts showing that there was any "dispute" over wages Huynh raised with Jabil, much less that Jabil attempted to impose a condition or waiver of rights on Huynh, or that anyone has filed an action before the Labor Commissioner. His FAC contains no facts supporting a claim under section 206 (a) or (b) and Huynh fails to address them in his Opposition. His reliance on section 206 is DISMISSED as a basis for unpaid wages under the First Cause of Action. He is given leave to amend if he can state facts regarding disputed wages under section 206.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Finally, Jabil argues that Huynh's reliance on Labor Code sections 1182.12, 1194, 1194.2, 1197, 1197.1, and 1198 in support of his First Cause of Action is improper. Mot. at 8. But it provides no authority or specific argument demonstrating that any of the sections invoked by Huynh fail as a matter of law or fail in light of the facts alleged or not alleged. *Id.* As noted above, Huynh pleads sufficient non-conclusory facts supporting that Jabil failed to pay him all the wages that he was owed and those allegations are plausible on their face. Absent authority demonstrating that Huynh cannot move under these identified Labor Code provisions for unpaid wages, Jabil's motion to dismiss or strike mention of these Labor Code provisions is DENIED.

Huynh plausibly states his claims for unpaid wages. Except for the reliance on Sections 204 and 206, the motion to dismiss the first cause of action is DENIED.

**B.    Second and Third Causes of Action for Missed Meal and Rest Periods**

Jabil separately challenges the adequacy of Huynh's Second Cause of Action for violation of California Labor Code sections 226.7 and 512 (based on Jabil's failure to provide meal breaks or uninterrupted meal breaks). Mot. at 8-10. Jabil contends that the missed meal breaks claim fails because Huynh has failed to identify "a specific workweek or any instance" when Jabil (i) interrupted Huynh's meal period and (ii) denied Huynh the number of meal periods he was entitled to. *Id.* To the contrary, Huynh has done just that and, in addition, alleges that the missed and unprovided breaks was the result of Jabil's practice of understaffing. FAC ¶¶ 16, 20, 49.

Jabil relies on *Cortez v. United Nat'l Foods, Inc.*, No. 18-cv-04603-BLF, 2019 WL 955001, at *10 (N.D. Cal. Feb. 27, 2019) (dismissing claims for missing meal and rest periods where plaintiff delivery driver alleged defendant "took no action to provide" such breaks because plaintiff did not allege that defendant "impeded" on any breaks). Unlike in *Cortez*, Huynh alleges with specificity how Jabil staff actively "impeded" his ability to take his meal breaks: Huynh's supervisors (i) requested work from him during purported breaks and (ii) failed to schedule a second break for him and putative class members on shifts extending longer than 10 hours. *Compare Cortez*, 2019 WL 955001 at *10, *with* FAC ¶¶ 16, 20, 49.

Jabil's motion to dismiss Huynh's Third Cause of Action for unpaid or missed rest breaks under California Labor Code section 226.7 likewise fails. Huynh sufficiently identifies instances

8

where his breaks were interrupted or routinely not scheduled due in part to Jabil's understaffing. *See* FAC ¶¶ 1, 18, 20, 21, 67.

Huynh's causes of action for his missed meal and rest breaks, contrary to Jabil's contention, are not simply claims for missed break "wage premiums" that are not "freestanding violation[s] of these Labor Code sections." Reply at 11-12 (relying on *Coleman v. Jenny Craig, Inc.*, 649 F. App'x 387, 388 (9th Cir. 2016) (affirming denial of class certification where plaintiff failed to show defendant had a common policy and practice of denying complete and uninterrupted meal and rest breaks to the putative class)). His missed meal and rest break claims are based on the failure of Jabil to provide breaks or uninterrupted breaks, for which "wage premiums" are the remedy. *Id.*

Jabil mistakenly relies on another inapposite unpublished Ninth Circuit opinion, *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020). There, the court affirmed dismissal of meal and rest break claims where plaintiffs "failed to allege a single workweek in which" the employer "impeded or discouraged" plaintiffs from taking rest breaks and instead referred to a provision of the employee handbook as the source of his claim. *Id.* at 431. The court concluded that "reference alone does not meet the requirements of *Landers* because it does not provide facts demonstrating at least one workweek" existed where plaintiffs were "personally deprived of rest breaks." *Id.* Here, Huynh has alleged multiple instances where Jabil directly "impeded" his breaks and how those breaks were impeded by interruption or failure to schedule. That suffices at this stage.[2] The motion to dismiss the Second and Third Causes of Action is DENIED.

### C. Fourth Cause of Action for Waiting Time Penalties

Jabil contends that the derivative waiting time penalties claim must be dismissed because

---

[2] The other cases Jabil relies on are similarly distinguishable. *See, e.g.*, *Khan v. K2 Pure Sols., LP*, No. 12-CV-05526-WHO, 2013 WL 12174635, at *5 (N.D. Cal. Sept. 3, 2013) (dismissing meal and rest break claim where "plaintiffs provide no allegations to support their claim except for the assertion that 'Defendants routinely failed to provide nonexempt employees. . . with rest and meal periods during their work shifts'"); *see also Lefevre v. Pac. Bell Directory*, No. 14-CV-03803-WHO, 2014 WL 5810530, at *3 (N.D. Cal. Nov. 7, 2014) (dismissing break claim where plaintiff alleged only that breaks were not provided in accordance with California law "on several occasions during the class period"). Here, Huynh has not merely asserted the law was violated by failure to provide meal and rest breaks but has alleged facts showing how Jabil did so.

1    Huynh has failed to allege sufficient facts to support his three substantive claims for unpaid wages

2    and missed meal and break periods.  Mot. at 11-12.  However, as the substantive claims have been

3    adequately pleaded, the derivative claim for waiting time penalties survives.[3]

4         Jabil argues that *Bush v. Vaco Tech. Servcs., LLC*, No. 17-cv-05605-BLF, 2018 WL

5    2047807, at *10 (N.D. Cal. May 2, 2018), holds that to plead a derivative waiting time penalty

6    claim, a plaintiff must "plead facts stating what wages were due, when they were due, and that

7    Defendant willfully failed to pay them."  Mot. at 11.  *Bush* says nothing of the sort.  It simply

8    dismissed a waiting time penalty claim for failure to allege any facts in support *where* the

9    underlying substantive claims failed, and no separate theory for waiting time penalties was

10   alleged.  *Id.* at 10 & n.8.  Here, Huynh has alleged his substantive claims adequately.  The motion

11   to dismiss the Fourth Cause of Action is DENIED.

12   **D.    Fifth Cause of Action for Failure to Provide Itemized Wage Statements and
             Maintain Records**

13   Huynh alleges that Jabil failed to provide itemized wage statements (as required by

14   California Labor Code section 226) and accurate payroll records (as required by California Labor

15   Code section 1174).  FAC ¶¶ 62-70.  Jabil challenges only the records claim under section 1174,

16   arguing that there is no private right of action under that provision.  Mot. at 12.  Huynh does not

17   address the section 1174 claim in his Opposition.  And the law supports Jabil.  *See Cordell v.*

18   *PICC Lines Plus LLC*, No. 16-cv-01814-TEH, 2016 WL 4702654, at *10 (N.D. Cal. Sep. 8, 2016)

19   (explaining that section 1174 provides that "employers must maintain records for inspection by the

20   Labor Commission, not by individual employees"); *Cleveland v. Groceryworks.com, LLC*, 200 F.

21   Supp. 3d 924, 958 n. 28 (N.D. Cal. 2016) (concluding that section 1174 does not create a private

22   right of action, and recognizing that while plaintiffs can bring a section 1174(d) claim under

23

24   _____

25   [3] Jabil is correct that a three-year statute of limitations applies to claims arising under California
     Labor Code section 203 for waiting time penalties on unpaid wages owed discharged employees.
26   *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010) (explaining that that the three-year
     limitation given in section 203(b) applies for all section 203 claims regardless of whether plaintiff
27   also pleads claims for unpaid wages).  The amount, if any, of waiting time penalties will be
     determined at a later juncture.  Huynh's reference to seeking waiting time penalties for employees
28   terminated within four years prior to the filing of this action based on his UCL claim does not
     justify dismissing in whole or part the waiting time penalties cause of action.

United States District Court
Northern District of California

California's Private Attorney General Act, they first must exhaust administrative remedies to do so). The motion to dismiss the claim in the Fifth Cause of Action based on failure to maintain records is GRANTED. However, the Fifth Cause of Action's claim for failing to provide accurate itemized wage statements remains.

### E.   Sixth Cause of Action for Indemnification of Expenses

Huynh contends Jabil violated California Labor Code section 2802 by requiring him and class members to use their cell phones to perform their jobs while failing to reimburse him and class members for those expenses. FAC ¶¶ 24, 72.[4] Jabil argues that Huynh has failed to provide a single instance where he was required to use his personal cell phone to perform his job. Mot. at 12. That is untrue: Huynh alleges that he was required to provide his manager updates regarding the status of his "machinery and scheduling" work tasks on his personal cell phone. FAC ¶ 24. That is sufficient. The motion to dismiss the Sixth Cause of Action for indemnification is DENIED.

### F.   Seventh Cause of Action for Unlawful Business Practices

Jabil moves to dismiss Huynh's claim for unfair business practices under California Business & Professions Code section 17200 *et seq.* ("UCL") because the UCL claim depends on the sufficiency of his prior causes of action. Mot. at 13-14. Because Huynh has adequately alleged his prior causes of action, his derivative UCL claim likewise survives. But he cannot seek injunctive relief because he is no longer employed by Jabil. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (holding that former employees of defendant lacked standing to pursue injunctive relief on behalf of a putative class). His injunctive relief claim under the UCL is DISMISSED.

Jabil also argues that Huynh cannot seek equitable relief under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), because he has not alleged that his legal remedies are

---

[4] In his FAC, Huynh also mentions "vehicle" expenses: "Defendant required [p]laintiff and [c]lass [m]embers to use their personal cell phones and vehicles to carry out their job duties without proper reimbursement." FAC ¶ 24. Vehicle expenses are nowhere else mentioned in the FAC. If Huynh wants to pursue an unreimbursed expenses claim related to vehicle expenses he must state facts supporting that claim in his further amended complaint.

United States District Court
Northern District of California

1   insufficient to allow him to pursue equitable relief.  Huynh has not addressed the sufficiency of

2   remedies in support of his UCL claim in his Opposition.  All he needs to plead to support a claim

3   to equitable relief in the alternative is an unconditional statement that his legal remedies are

4   inadequate.  *See, e.g.*, *Johnson v. Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022

5   WL 74163, at *3 (N.D. Cal. Jan. 7, 2022).  But he has not done so.  Therefore, the motion to

6   dismiss the Seventh Cause of Action under the UCL IS GRANTED WITH LEAVE TO AMEND

7   to allege inadequate remedies at law.

8   **II.      MOTION TO STRIKE THE CLASS ALLEGATIONS**

9          Jabil also moves to strike Huynh's class allegations under Rule 12(f) and allow this action

10  to proceed "only on an individualized basis."  Mot. at 14-18.  I have "repeatedly rejected motions

11  to strike class allegations as 'premature' at the dismissal stage, expressing preference to address

12  class certification issues after the pleadings are settled and discovery finished," and have explained

13  that "[s]triking class allegations at the pleading stage is only appropriate where the defendant

14  presents an argument that completely precludes certification of any class, not just the class

15  currently defined in the complaint."  *Rice-Sherman v. Big Heart Pet Brands, Inc.*, No. 19-CV-

16  03613-WHO, 2020 WL 1245130, at *15 (N.D. Cal. Mar. 16, 2020) (internal citations omitted).

17  Nothing in Huynh's FAC or Jabil's motion shows that is appropriate here.

18         Jabil ignores my many decisions on this issue, relying almost exclusively on cases from

19  other districts.  Mot. at 15-18.  It then argues that the class claims must be stricken now because

20  Huynh includes only "conclusory allegations" about the conditions he suffered – the interrupted

21  meal and rest breaks and failure of Jabil to schedule an adequate number of breaks, the failure to

22  calculate base pay correctly, and the failure to reimburse business expenses – and not facts to

23  suggest these violations might occur more broadly to persons employed at either the same location

24  Huynh worked or at any of Jabil's other locations throughout California.  Mot. at 16.

25         Even if considered at this juncture, Huynh's facts about his personal experience with

26  Jabil's practice of understaffing, not scheduling sufficient breaks, and miscalculating base pay, are

27  the exact type of allegations that support an inference that Jabil's practices occurred more broadly.

28  This case is wholly unlike *Miller v. Amazon.com Inc.*, No. 17-CV-03488-MMC, 2018 WL

United States District Court
Northern District of California

6421868, at *10 (N.D. Cal. Dec. 6, 2018), relied on by Jabil.  There, a joint employee of Amazon and a staffing agency alleged nation-wide class claims against Amazon.  The court struck the class allegations because the proposed class was on behalf of all Amazon employees and was not limited to employees of the two joint employers for which plaintiff worked.  The court reasonably concluded that plaintiff's factual assertions about her experiences with Amazon and her staffing agency could not plausibly support class-wide claims for all employees who worked under other staffing agencies jointly for Amazon across the country.  *Id.* at *10.  In contrast, the facts that Huynh alleges regarding his working conditions as a Jabil employee in California (failures to calculate base pay, failures to schedule adequate breaks, failure to reimburse expenses) are exactly the type of facts that support a plausible inference that these conditions similarly impacted other Jabil employees in California.  That is adequate at this stage.  The motion to strike the class allegations is DENIED.

### CONCLUSION

The motion to dismiss is DENIED, except that Huynh's reliance on Labor Code sections 204 and 206 in support of the First Cause of Action is DISMISSED with leave to amend, the reliance on Labor Code section 1174 in support of the Fifth Cause of Action is DISMISSED, and the Seventh Cause of Action under the UCL is DISMISSED with leave to amend regarding insufficiency of legal remedies.  The motion to strike the class allegations is DENIED.

A further amended complaint, if any, shall be filed within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: February 7, 2023

William H. Orrick
United States District Judge

United States District Court
Northern District of California

13