UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRONG HUYNH,<br><br>         Plaintiff,<br><br>   v.<br><br>JABIL INC.,<br><br>         Defendant. | Case No. 22-cv-07460-WHO<br><br>**ORDER GRANTING FINAL APPROVAL AND SETTING AWARD OF ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE AWARD**<br><br>Re: Dkt. Nos. 62, 63 |

The Court, having considered Plaintiff Strong Huynh's ("Plaintiff") Motion for Final Approval of Class Action Settlement and finding good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS.

1.   The Court entered a Preliminary Approval Order on July 15, 2024.

2.   For purposes of this Final Approval Order, the Court adopts all defined terms as set forth in the Class Action Settlement Agreement and Class Notice.

3.   The Court has jurisdiction over all claims asserted in this Action, Plaintiff, the Class Members, and Defendant Jabil Inc. ("Jabil").

4.   The Court finds that the Agreement was made and entered into in good faith and approves the Agreement as fair, adequate, and reasonable to the Settlement Class Members.

5.   Solely for purposes of effectuating the settlement described in the Agreement, this Court certifies the following class: all current or former non-exempt employees who worked for Defendant in California during the Class Period. This definition expressly excludes any former non-exempt employees who worked for Defendant in California during the Class Period (i) who signed severance agreements in connection with reductions in force and who were not re-hired to work for

Defendant in California after executing the severance agreement or (ii) who participated in the Walker Settlement and who have not worked for Defendant in California after January 19, 2021 ("Class Members"). The Class Period is from October 21, 2018, through July 10, 2024 (the "Class Period").

6. Pursuant to the Court's July 15, 2024, Preliminary Approval Order (Dkt. 60), the Class Notice was sent to each Class Member by first-class mail. The Class Notice informed Class Members of the terms of the settlement, how their settlement share would be calculated, how to receive their settlement share, their right to comment on (including object to) the settlement or opt out of the settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the settlement. The notice procedure utilized in connection with the settlement of the Action provided due and adequate notice of the proceedings and of the matters set forth therein.

7. The Court finds and determines that this notice procedure afforded adequate protections to Class Members. Notice was accomplished in the manner prescribed by the Agreement. The Court finds and determines that the Class Notice provided in this Action was the best notice practicable, which satisfied the requirements of law and due process.

8. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and Federal Rule of Civil Procedure 23(b)(3) are satisfied.

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court further finds and determines that the terms of this settlement are fair, adequate and reasonable for the Settlement Class Members that have not opted out and they will be bound by the Agreement, that this settlement is ordered finally approved, and that all terms and provisions of the Agreement should be and are ordered to be consummated, except as otherwise provided in this Final Approval Order. In addition, the Court finds that the Agreement is rationally related to the strength of

Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the settlement embodied in the Agreement is the result of arm's-length negotiations, with the assistance of an experienced mediator, between experienced counsel representing the interests of the Class Members and Defendant, after a thorough factual and legal investigation.

10. The Court finds and determines that the Individual Settlement Payments to be made to the Settlement Class Members as provided for in the Agreement are fair and reasonable. The Court further finds that the proposed plan of allocation bases each Settlement Class Member's recovery on his or her total number of workweeks on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class. The plan of allocation is rational. The Court gives final approval to and orders that payment of those amounts be made to the Settlement Class Members out of the Net Settlement Amount in accordance with the terms of the Agreement.

11. The Court finds that the response of Class Members, if any, following the administration of Class Notice supports the approval of the settlement.

12. The Court confirms as final the appointment of Plaintiff as the class representative.

13. The Court hereby approves entry of an Attorneys' Fees and Costs Award to Class Counsel, Mahoney Law Group, APC, 25% of the Gross Settlement Amount and costs to Class Counsel in the amount of twenty-one thousand four hundred seventy-six dollars and sixty-seven cents ($21,476.67). The Court finds that the hourly rates of Class Counsel are reasonable, and at the time Class Counsel represented they have worked on this matter was reasonably spent securing the settlement approved herein. 10% of the Attorney Fee award shall be held by the Administrator pending submission and approval of the Post-Distribution Accounting.

14. The Court confirms Plaintiff's Class Representative Award of three thousand five hundred dollars ($3,500.00). The Court finds that Plaintiff has

undertaken risk and performed valuable services on behalf of the Class Members.

15. Upon completion of the administration of this settlement, the Administrator will provide a declaration detailing the completion of the administration process to the Court and counsel for the Parties. The Court finds and confirms that the Administration Costs of nine thousand dollars ($9,000.00) reasonable for the administration of this settlement, as set forth in the Declaration of the Administrator's representative filed on June 25, 2024, to be paid out of the Gross Settlement Amount to the Administrator per the terms of the Agreement.

16. The Court finds that there have been no objections to the settlement, and therefore there is no person who has standing to appeal the same. The Court finds no basis for determining that the settlement was reached by anything other than arm's-length negotiations. The Court further finds that the investigation and discovery was sufficient to allow Class Counsel and the Court to act intelligently. The Court also finds that Class Counsel is experienced in this type of litigation.

17. Accordingly, the Court orders all Parties and their counsel to cooperate in the fulfilling the terms of the Agreement herein consistent with this Final Approval Order.

18. By operation of the entry of the Final Approval Order, and upon the deposit of the Gross Settlement Amount with the Administrator, all Settlement Class Members fully release Defendant and each Released Party from any and all claims arising during the Class Period and through entry of the Final Approval Order that were alleged in any operative complaint or that could have been alleged based on the factual allegations in any operative complaint, including California Labor Code sections 201, 202, 203, 204, 206, 226, 226.3, 226.7, 510, 512, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, the applicable Industrial Welfare Commission Wage Orders and California Code of Regulations, and California Business and Professions Code section 17200 et seq.

19. The *res judicata* effect of this judgment will be the same as that of the

releases described more specifically in the Agreement.

20. This Final Approval Order is intended to be a final disposition of this Action in its entirety and is intended to be immediately appealable.

21. Without affecting the finality of this Final Approval Order and final judgment, this Court shall retain jurisdiction with respect to all matters related to the administration and consummation of the Agreement, and any and all claims asserted in, arising out of, or related to the subject matter of this Action, including but not limited to all matters related to the settlement and determination of all controversies relating thereto and the binding effect of the releases of Plaintiff and the Settlement Class Members set forth in the Agreement.

22. The Post-Distribution Accounting is due by August 19, 2025 and a hearing concerning the same is set for August 26, 2025 at 2:00 p.m. Counsel shall file a proposed order at that time to release the remaining 10% of Attorney Fees. If there are no issues to be discussed, the Court may sign that order, release the remaining fees, and vacate the August 26, 2025 hearing.

**IT IS SO ORDERED.** Dated: November 4, 2024



William H. Orrick
United States District Judge